FILED

AUG -7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stephen J Lindsey ) CASE NO.
Patricia Lindsey, )
9871 Stanford Ave. ) (PLAINTIFF(S) DEMAND A TRIAL BY
Garden Grove CA 92841 ) JURY   CASE NUMBER 1:06CV01409
)
vs, ) JUDGE: Reggie B. Walton
)
UNITED STATES   DECK TYPE: Pro se General Civil

DATE STAMP: 08/7/2006



**COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431**

Stephen J Lindsey, Patricia Lindsey, plaintiff(s) herein, complain of defendant and seek statutory and/or actual and punitive damages as follows:

**I**

**INTRODUCTION**

1. This is an action brought pursuant to Title 26, U.S.C. Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by M Raines, C.J. Kopp, P. Rogers, M Dinkfeld, and other unknown agents (herein agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3. Stephen J Lindsey Patricia Lindsey, is/are (an) individual(s) who at all times material hereto resided in 9871 Stanford Ave., Garden Grove CA 92841.

4. Plaintiff(s)is/are the subject of ongoing unauthorized collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service.

5. On or about 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Orange, County, and San Bernardino County, State of California Notices of Tax Liens (a sample is affixed hereto. Identifying information has been excised).

6. Each Notice of Tax Lien wrongfully discloses, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.

7. The wrongful disclosure of plaintiffs' return information has caused plaintiff(s) substantial mental and emotional distress.

8. The wrongful disclosure of plaintiffs' return information has subjected plaintiff(s) to the real possibility of identity theft.

9. It was not necessary for the aforementioned agent(s) to place on the aforementioned Notice(s) of tax liens tax return information which subject plaintiff(s) to the possibility of identity theft.

10. Agent(s) disclosure was not in good faith or there existed no good faith in disclosure of the information.

11.. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agents's contrary interpretation is not in good faith.

12. Agent did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the aforementioned liens.

13. On information and belief, the agent(s) involved in this case have all received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

III

## LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned

lien(s) "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16. The disclosure describe above are intentional, negligent, and/or glossily negligent disclosures of "return information" in violation of Section 6103 and for which plaintiff(s) is/are entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

17. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent(s) and the other agents involved herein has caused plaintiff substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.

18. The intentionally and/or grossly negligent unlawful disclosures by the aforementioned agent(s) and the other agents involved herein entitles plaintiff(s) to punitive damages the extent of which at this time cannot be accurately ascertained by which