IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. LINDSEY ) | |
| PATRICIA LINDSEY ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-cv-01409-RBW |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. As grounds for this motion, the United States asserts that Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: October 20, 2006.

                                      Respectfully submitted,

                                      /s/ Nicole M. Stoduto
                                      NICOLE M. STODUTO
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Phone/Fax:  (202) 616-9785/514-6866
                                      Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. LINDSEY<br>PATRICIA LINDSEY<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 1:06-cv-01409-RBW<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS**

INTRODUCTION

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (Service). Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433 provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. Can Plaintiffs recover under 26 U.S.C. § 7431 when their unauthorized disclosure claims relate to notices of federal tax lien filed with county recorders?

Res judicata bars a second suit involving identical parties based on the same cause of action. Where this Court has previously dismissed Plaintiffs' claim pursuant to

Fed. R. Civ. P. 12(b)(6), which arose from the same nucleus of facts, is Plaintiffs' new suit barred?  Alternatively, because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 of the Internal Revenue Code prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  Pursuant to exceptions of section 6103 the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  Did the Service violate section 6103 in filing notices of federal tax liens with the county recorder office?

## STATEMENT OF FACTS

1. Introduction.

On August 8, 2006, Plaintiffs, acting *pro se*, filed a complaint in the above captioned matter.  Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2. The present action for "wrongful disclosure."

Plaintiffs argue that they are the subject of ongoing, unauthorized collection action by the Service and that on or about 2006, Service agents caused notices of federal tax lien to be recorded in the Country Recorders Offices in Orange County and San Bernardino County, California.  (Id. ¶ 5.)  Plaintiffs allege that each notice of federal tax lien wrongfully discloses tax return information and that such disclosures have caused Plaintiffs substantial mental and emotional distress, as well as subjected them to the

possibility of identity theft.  (Id. ¶¶ 6, 7, 8.)

Plaintiffs base their action in 26 U.S.C. § 7431 which they maintain provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

Attached to Plaintiffs' complaint is a notice of federal tax lien, prepared and signed on January 18, 2006, and filed with the County Recorder, Orange County, California.  (Id. ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiffs have at least $1,253,739.56 in unpaid tax liabilities for the years 1989-1993.  (Id.)  The Notice of Federal Tax Lien identifies Plaintiffs by name, address, and identifying number.  (Id.)

    3. The prior action for "wrongful collection."

Plaintiffs have previously filed a complaint against the United Stated under the authority of 26 U.S.C. § 7433 (hereinafter Plaintiffs' Section 7433 complaint).  (Exhibit 101.)  Plaintiffs' Section 7433 complaint, filed September 1, 2005, alleged a variety of forms of misconduct by the Service and challenged the validity of its assessment and collection activity.  (Id. ¶7.)  Plaintiffs' Section 7433 complaint also alleged an unauthorized disclosure resulting from the filing of Notices of Federal Tax Lien and sought injunctive relief as well as damages.  (Id. ¶¶ 25, 30, 32.)  In this complaint, Plaintiffs acknowledged that 26 U.S.C. § 7433 is Plaintiffs' exclusive remedy.  (Id. ¶ 23.)

On August 22, 2006, the Court issued a Memorandum Opinion dismissing Plaintiffs' claims for declaratory judgment, an injunction, a tax refund, and damages,

but allowed Plaintiffs the opportunity to amend their complaint to challenge 26 C.F.R. § 301.7433-1 (2006).  Lindsey v. United States, 2006 WL 2413720 (D.D.C. Aug. 22, 2006).  On October 4, 2006, Plaintiffs' Section 7433 complaint was dismissed by this Court with prejudice.  (Exhibit 102.)

ARGUMENT

**I.      Standard of Review**

When determining whether a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Role Models America, Inc. v. Harvey, 2006 WL 2793178, *3 (D.D.C. Sept. 28, 2006), citing Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, 2006 WL 2708682, *2 (D.D.C.

Sept. 20, 2006), citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n. 3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## II.     Section 7433 is Plaintiffs' Exclusive Remedy

Plaintiffs' section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages</u> resulting from such actions.

(Emphasis added.) By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax collection. Congress provided only one exception to section 7433's exclusivity: section 7432.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended

section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

      The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

      Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity.  Shwarz v. United States, 234 F.2d 428, 433 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Because the alleged unauthorized disclosures occurred in connection with tax

collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. See also Elias v. United States, 1990 WL 264722, *9 n.7 (C.D. Cal. Dec. 21, 1990)(noting that given the recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities. In fact, Plaintiffs acknowledged this in their previous section 7433 complaint. (Exhibit 101 ¶ 23.) Plaintiffs' unauthorized disclosure claims relate to notices of federal tax liens filed with county recording offices. Accordingly, Plaintiffs' unauthorized disclosure claims relate to the Services's collection activities.

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

> **III. Plaintiffs' Claim Is Barred by Res Judicata or in the Alternative, Because the Predicates of Section 7433 Have Not Been Met**

The doctrine of res judicata holds that a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action. Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004), citing

Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002). Whether the two cases implicate the same cause of action rests on whether they involve the same nucleus of facts and whether the facts form a convenient trial unit. Apotex, Inc., at 217. As the Supreme Court has observed, "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979).

As noted, Plaintiffs have previously sought damages before this Court under section 7433. On October 4, 2006, Plaintiffs' section 7433 complaint was dismissed by this Court with prejudice. (Exhibit 102.) In the previous proceeding, and in relation to damages sought, the Court concluded that the Plaintiffs were barred from seeking damages under 26 U.S.C. § 7433 and it granted the United States' motion to dismiss the Plaintiffs' damages claim pursuant to rule 12(b)(6). Lindsey v. United States, 2006 WL 2413720, *19 (D.D.C. Aug. 22, 2006).

Accordingly, because Plaintiffs' claim for damages in its section 7433 complaint was dismissed for failure to state a claim, damages now sought before the Court should be barred under the doctrine of res judicata.

Moreover, assuming arguendo, that the instant matter is not barred by res judicata and Plaintiffs had properly brought their suit pursuant to section 7433, the Court should dismiss Plaintiffs' complaint because the predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985); <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Shaw</u>, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30 (1992); <u>United States v. King</u>, 395 U.S. 1, 4, 89 (1969); <u>United States v. Sherwood</u>, 312 U.S. 584, 596 (1947).

Under section 7433(a), prior to bringing a suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

In the Court's decision in Lindsey v. United States, Plaintiffs' complaint was in part dismissed under the express terms of 26 U.S.C. § 7433(d)(1) because of their failure to exhaust administrative remedies.  Lindsey v. United States,  2006 WL 2413720, *18 (D.D.C. Aug. 22, 2006).  In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies.  Therefore, even if the suit is not barred by res judicata, Plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because Plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their claim.  For the same reasons this Court dismissed the claim in Lindsey v. United States, the Court should dismiss the complaint.

### IV. Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. § 7431, Plaintiffs have not proven that there has been a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103 other than in the collection process. Section 7433 protects taxpayers from negligent or intentional violations of section 6103 in the collection process. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a number of specific exceptions to this general rule of non-disclosure. Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any…collection activity… disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available…with respect to the enforcement of any other provisions in this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).[1] Section 301.6103(k)(6)-1(b) states:

> In connection with the performance of official duties relating to

---

[1] Because section 6103(k)(6) directs the Secretary of Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

> any…collection activity…an officer or employee of the Service…is authorized to disclose return information…in order to obtain necessary information relating to the following--
> (6) [T]o locate assets in which the taxpayer has an interest…[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000). "Section 6103(k)(6) and the pertinent regulations plainly indicate that disclosure of return information necessary to accomplish collection activities, including the…filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990). See also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office . . . places information in the liens . . . in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

Although section 6103(k)(6) and the regulations paint broad strokes of authority, they do not allow for unbridled disclosure.  Section 301.6103(k)(6)-1(b) provides:

> Disclosure of return information to a person other than the taxpayer to whom such return information relates…for the purpose of otherwise accomplishing any activity described in subparagraph (6) of this paragraph should be made, however, only if…the activities described in subparagraph (6) of this paragraph cannot otherwise properly be accomplished without making such disclosure.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).  Given that section 6323 of the Internal Revenue Code provides that a tax lien must be recorded by the Service in order to be effective against other liens, 26 U.S.C. § 6323, it follows that the filing of notices of federal tax liens is necessarily authorized under the Internal Revenue Code.  Congress would not have made an action simultaneously mandated under one section and prohibited under another.  And under section 6103, when disclosure is authorized under the Internal Revenue Code, there is no violation of section 6103.

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect the Plaintiffs' tax liabilities. Had the information not have been disclosed, creditors of the Plaintiffs would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien…is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1489 (9th Cir. 1991).

CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433 and therefore the complaint should be dismissed. In the alternative, for all of the additional above-stated reasons, this matter should be dismissed.

Dated: October 20, 2006.

                                          Respectfully submitted,

                                          /s/ Nicole M. Stoduto
                                          NICOLE M. STODUTO
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Phone/Fax:  (202) 616-9785/514-6866

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney