IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. LINDSEY ) | |
| PATRICIA LINDSEY ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-cv-01409 RBW |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

### SECOND REPLY TO PLAINTIFFS' THIRD OPPOSITION TO UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On December 18, 2006, the United States filed a fully supported motion to dismiss Plaintiffs' amended complaint.  Plaintiffs have filed three responses to the United States' motion to dismiss.  [PACER ## 8,10, and 12.]  The United States replied to Plaintiffs' first response and made a motion to strike Plaintiffs' second response.

This reply brief addresses only those points raised in Plaintiffs' third response that warrant response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss and its reply to

Plaintiffs' first response.

2. <u>Plaintiffs' third response.</u>  In their third response, Plaintiffs allege that the Court has discretion to construe Plaintiffs' action either as one under section 7431 or section 7433 and that under section 7433 a failure to exhaust administrative remedies does not deprive the Court of subject matter jurisdiction.

ARGUMENT

**I.  Plaintiffs' Only Possible  Avenue of Recourse Is Section 7433.**

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy.  In <u>Shwarz v. United States</u>, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  <u>Shwarz v. United States</u>, 234 F.3d 428 (9th Cir. 2000).  This Court recently concurred with the holding in <u>Shwarz</u> and the exclusivity of section 7433.  <u>Glass v. United States</u>, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity");  <u>Evans v. United States</u>, 478 F. Supp. 2d 68, 72 (D.D.C. 2007); <u>Powell v. United States</u>, 478 F. Supp. 2d 66, 67 (D.D.C. 2007);  <u>Koerner v. United States</u>, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear

plaintiffs' claims under § 7431."); <u>Ross v. United States</u>, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Plaintiffs' remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433.

### II.  Plaintiffs Were Under an Obligation to Plead Exhaustion of Remedies

Plaintiffs' argument that they were under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is incorrect.  Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded *** <u>unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff</u> within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1) (emphasis added).  Plaintiffs failed to comply with Fed. R. Civ. P. 8 because they failed to set forth a short and plain statement indicating that they exhausted their administrative remedies by filing a proper administrative claim for damages.

Plaintiffs' argument that failure to state a claim is an affirmative defense and must be placed before the jury is also incorrect.  <u>See</u> Fed. R. Civ. P. 8(c).

CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiffs' amended complaint should be granted.

Dated: June 7, 2007

                                    Respectfully submitted,

                                    /s/ Nicole M. Stoduto
                                    NICOLE M. STODUTO
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC 20044
                                    Telephone: (202) 616-9785
                                    Facsimile: (202) 514-6866
                                    Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing United States' SECOND REPLY TO PLAINTIFFS' THIRD OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiffs *pro se* on the 7th day of June, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

Stephen J. Lindsey
Plaintiff *Pro Se*
9871 Stanford Avenue
Garden Grove, California 92841

Patricia Lindsey
Plaintiff *Pro Se*
9871 Stanford Avenue
Garden Grove, California 92841.

      /s/ Nicole M. Stoduto
NICOLE M. STODUTO