# United States District Court
IN THE DISTRICT OF COLUMBIA

Stephen J Lindsey
Patricia Lindsey

       Case No. 1:06-cv-01409 (RBW)

    Plaintiff(s),

v.

United States

    Defendant.

**RECEIVED**

JUN 15 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RESPONSE TO DOCKET #13

Plaintiffs respond to defendant's Response (dkt#13):

Defendants' response continues to assert that the Court construe the instant matter as though it was filed pursuant to 26 U.S.C. §7433[1]. Plaintiffs do not object.

Defendants' response continues to ignore the controlling cases of *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), decided February 22, 2006. (This precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny) and *Jones v Bock* (Nos. 05-7058, 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007). All of the above cases preceded defendants' motion to dismiss and are controlling.

As stated in plaintiffs' response to defendants' Motion to Dismiss the Supreme Court has decided that failure to exhause is an affermative defense, yet defendant, with the active assistance of counsel, continues to assert that "failure to exhaust administrative

---

[1] The court in its discretion may construe the instant matter as being either an action under 7431 or 7433.

remedies" as a primary ground for dismissal, can be pleaded, demonstrate at least minimal contempt for the findings of the United States Supreme Court. As stated in plaintiffs' response to defendents' motion to dismiss,.

> The Honorable Roberts, C.J., opined that:
>
> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint...".
>
> Writing for the Court, the Chief Justice explained that,
>
> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."
>
> IRC section 7433, as amended by TBOR III, is silent on the issue whether

exhaustion must be pleaded. The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, and this Court are bound by such law, and by the Federal Rules of Civil Procedure. Contrary to defendants' assertion neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual practice", raise such matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate a jury instruction on the

---

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" — more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

particular defense theory sought"[3], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the Arbaugh Court, citing to Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133, reiterated:

> "If satisfaction of an essential element of a claim is at issue ...the jury is the proper trier of contested facts."

The jury is the proper trier, Arbaugh; Reeves, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), Conley; and of any affirmative defense. Jones.

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "administrative remedies available " as described in 7433(d)'s language; "unless the court determines" - in the common English to which Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[4]

## CONCLUSION

If the court construes plaintiffs' complaint as being filed pursuant to 26 U.S.C. 7433 then defendants' motion fails for the foregoing reasons.

Wherefore, for the foregoing reasons plaintiffs' request that defendants' motion to dismiss be denied, the court allow plaintiffs' 2nd amended complaint be filed and the matter be allowed to move forward.

---

[3] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

[4] Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:
> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P 12(h)(2) (emphasis added)

Dated: _____6/13_____, 2007

_____  
Stephen J Lindsey

_____  
Patricia Lindsey

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on

Nicole M. Stoduto
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Dated ___6/13___, 2007

*[signature]*
Stephen J Lindsey